# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CURTIS EDWARD ALVEY, JR.**                                                                **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 1:19-CV-161-GNS**

**BLUEGRASS SPECIALTY FOODS, INC.**                                                **DEFENDANT**

## MEMORANDUM OPINION

*Pro se* Plaintiff Curtis Edward Alvey, Jr., filed this action under Title VII of the Civil Rights Act of 1964 proceeding *in forma pauperis*. Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (citing 28 U.S.C. § 1915(e)(2)), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Before bringing an action under Title VII, a plaintiff must exhaust his or her administrative remedies with the Equal Employment Opportunity Commission (EEOC). *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006). "The proper exhaustion of administrative remedies gives the Title VII plaintiff a green light to bring an employment-discrimination claim in court." *Id.* (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989) ("Only after . . . the plaintiff has obtained a 'right to sue' letter from the EEOC, may he or she bring a Title VII action in court.")). To that end, "[i]t is well settled that a plaintiff must satisfy two prerequisites before filing a Title VII action in federal court: (1) timely file a charge of employment discrimination with the EEOC; and (2) receive and act upon the EEOC's statutory notice of the right to sue ('right-to-sue letter')." *Id.* (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)).

Plaintiff did not attach his EEOC right-to-sue letter to the complaint. Therefore, by prior Order (DN 4), the Court ordered him to file a copy of it. Plaintiff filed a response (DN 5) to the Order stating, "That to the best of my knowledge that I, Curtis Edward Alvey Jr. do not have that document upon my person, because it was never presented to me by the EEOC." The Court was unable to discern from that response whether or not Plaintiff filed a charge of employment discrimination with the EEOC, but it appeared that he did not receive a right-to-sue letter. The Court provided Plaintiff another opportunity to provide the Court with a copy of a right-to-sue letter from the EEOC.

Plaintiff filed a response (DN 8). He states that he went to the EEOC office on June 17, 2019, and later corresponded with the EEOC via email but apparently was never issued any paperwork. Thus, it appears that Plaintiff failed to obtain a right-to-sue letter from the EEOC. Therefore, this action is subject to dismissal for failure to exhaust administrative remedies. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) ("An individual may not file suit under Title VII if []he does not possess a 'right to sue' letter from the EEOC.").

Accordingly, by separate Order, the Court will dismiss the instant action.

Date: May 8, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.010

2